# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

       *Plaintiff,*                 CASE NO. 18-30040

*v.*                                  MAGISTRATE JUDGE ANTHONY P. PATTI

BRANDON GRIESEMER,

       *Defendant.*

_____/

## <u>ORDER REVOKING BOND</u>

Defendant was previously released on bond, pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et seq.  Pretrial Services (PTS) requested a bond review hearing based upon information indicating that the defendant violated the conditions of his release by continued drug use and by committing a battery against his mother, who was previously appointed as his third-party custodian. Charges are pending against the defendant in Oakland County for domestic assault due to this incident. The bond review hearing was held on November 20, 2018, after an extensive *in camera* discussion between the attorneys for the Government and the defendant, as well as Defendant's PTS officer. This was the second bond review hearing in this matter, the first having been held on July 31, 2018, then based upon the defendant's continued drug use. At the November 20, 2018 hearing, the defendant's mother appeared in court with a prominent black eye that could be seen from the bench, approximately 30 feet away. She expressed uncertainty about continuing to serve as his third-party custodian. The Court notes that a state court had

1

temporarily issued a no contact order between the defendant and his mother, which has recently been lifted. The defendant was hallucinating under the influence of mushrooms at the time that he struck his mother. There is no other suitable third party custodian for the high level of supervision required by this defendant, and the Court notes that his father has a steady job outside the home. The defendant suffers from significant mental health impairments, exhibits suicidal ideation and admitted to PTS, as recently as November 14, 2018, that he continues to use controlled substances while on bond. A suitable inpatient drug or mental health program to which the defendant could be directly discharged has not been identified. The charges pending against the defendant involve a threat of violence against the CNN television network. The defendant was equivocal, at best, about his willingness to abide by more restrictive bond conditions. For the reasons stated on the record, all of which are incorporated as though fully restated herein, the Court finds, under 18 U.S.C. § 3148(b), that there is:

☒ probable cause to believe that Defendant has committed a Federal, State, or local crime while on release (if a felony, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community); **and**

☒ clear and convincing evidence that Defendant has violated any other condition of release;

**AND**

☒ based on the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence there is no condition or combination of conditions of release that will reasonably assure the safety of the community, including the defendant's own safety and that of his mother or other household members; **and**

☒ Defendant is unlikely to abide by the conditions of release.

Therefore, the bond for Defendant is hereby **REVOKED** and the defendant is **REMANDED** to the custody of the United States Marshal.

**IT IS ORDERED.**

Date: November 20, 2018

*s/ Anthony P. Patti*
Anthony P. Patti
United States Magistrate Judge

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 21, 2018, electronically and/or by U.S. Mail.

s/Brianna Garant
Relief Case Manager for the
Honorable Anthony P. Patti

3